UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| H. RICHARD AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24 CV 824 CDP |
| ) | |
| HANOVER INSURANCE COMPANY, ) | |
| a/k/a Massachusetts Bay Insurance ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

More than thirty years ago, plaintiff H. Richard Austin filed a lawsuit alleging that Hanover Insurance Company and Massachusetts Bay Insurance Company, acting in bad faith, failed to pay on an insurance policy when fire destroyed his Vermont home in 1993. The defendants in that action claimed that Austin set fire to his own house. The case went to trial, and a jury entered a verdict in favor of the defendants. Judgment entered on the verdict was affirmed on appeal. *See Austin v. Hanover Ins. Co.*, 165 F.3d 13 (2d Cir. 1998) (unpublished) (table) (*Austin I*). Thereafter, in September 1999, Austin filed a new lawsuit in which he sought relief from the *Austin I* judgment, claiming that defendants and others conspired to defraud him and the court in that case by fabricating evidence as to the origin of the fire and presenting that false evidence to

the court, including at trial. *See Austin v. Hanover Ins. Co., et al.*, No. 1:99CV252 (D. Vt. Sept. 28, 1999) (ECF 2, Amd. Compl.) (*Austin II*). By endorsement, the *Austin II* court granted defendants' motion to dismiss, finding the matter to be "clearly barred by res judicata." *Id.* at ECF 5 (Nov. 3, 1999).

In the twenty-five years since that dismissal, Austin has filed at least twelve more lawsuits in several jurisdictions against Hanover (the defendant here), its attorneys, and/or other members of its team (including expert witnesses), reasserting his claim that they committed fraud upon the court during the course of the proceedings in *Austin I* and, further, claiming that the *Austin II* court denied him due process when it dismissed that case on the basis of res judicata. It appears that when a case is dismissed, Austin brings another lawsuit – or attempts to – reasserting his fraud-upon-the-court claim and arguing that the previous dismissals constitute a continued deprivation of his right to due process that began with the court's decision in *Austin II*.

The instant case presently before me is Austin's third such fraud/due process case filed in the Eastern District of Missouri.[1] In *Austin v. Downs, Rachlin & Martin, et al.*, No. 4:05CV800 SNL (E.D. Mo. May 19, 2005), Judge Limbaugh transferred the case to the District of Vermont but not without first making the

---

[1] Other cases have been brought in the United States District Courts for the District of Vermont, the District of Massachusetts, the Eastern District of North Carolina, the District of New Hampshire, and the Middle District of Florida.

following observation and caveat:

> The Plaintiff has wasted ten years of his life pursuing this lawsuit in varying forms.  At this point, whether Plaintiff's conspiracy theories have any basis in reality is immaterial.  Plaintiff had his day in Court, and he did not prevail.  Plaintiff's repeated attempts to re-litigate his claim is a waste of judicial resources.  If Plaintiff brings this or a related cause of action before this Court again, he will be subject to sanctions.

*Id.* at ECF 31, Mem. & Ord., p. 7 (Feb. 15, 2006).[2]  In *Austin v. Hanover Ins. Co., et al.*, No. 4:16CV1491 JAR (E.D. Mo. Sept. 21, 2016), Judge Ross found that Austin willfully disobeyed Judge Limbaugh's Order and acted "vexatiously and in bad faith by filing the instant action."  As sanctions for Austin's conduct, Judge Ross exercised the Court's inherent authority to dismiss the case with prejudice and assess attorney's fees against Austin.  *Id.* at ECF 38, Mem. & Ord. pp. 5-6 (July 24, 2017).

The present case, brought against only Hanover Insurance Company, is not unlike Austin's other cases filed and dismissed in this Court and elsewhere.  As with those other cases, Austin asserts here that Hanover and/or its team committed fraud on the court in *Austin I*, and that beginning with *Austin II* he has been deprived of due process for the various courts' failures to address the merits of his fraud claim and for dismissing the cases under the doctrine of res judicata.

---

[2] After transfer, the District of Vermont dismissed the case as barred by the doctrines of res judicata and collateral estoppel.  *Austin v. Downs, Rachlin & Martin, et al.,* No. 1:06CV38 (D. Vt. Aug. 24, 2006) (ECF 51, Opn. & Ord.).

Hanover moves to dismiss Austin's complaint for failure to state a claim, arguing that the claims are barred by the doctrines of res judicata and collateral estoppel as well as by relevant statutes of limitations.  Hanover also seeks dismissal under 28 U.S.C. § 1406(a) for improper venue or, in the alternative, to transfer venue to the District of Vermont under 28 U.S.C. § 1404(a).[3]  Finally, Hanover moves for recovery of its attorney's fees "and any additional or further relief" as sanctions for Austin vexatiously and frivolously bringing this action in willful disobedience of a court order.  Austin has responded to the motions.

For the following reasons, I will dismiss this lawsuit as barred by res judicata and assess Hanover's attorney's fees and costs against Austin as a sanction.  Hanover shall have ten days from the date of this Order within which to file a verified statement of the attorney's fees and costs it has incurred in responding to this action.

<u>Res Judicata</u>

> The principle behind the doctrine of res judicata is that final judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action.  In order for a claim to be precluded under the doctrine of

---

[3] I would be reluctant to transfer the case to the District of Vermont as that court has a standing order requiring Austin to seek leave of court before filing any new complaint. *See Austin v. Downs, Rachlin & Martin, et al.,* No. 1:06CV38 (D. Vt. Aug. 24, 2006) (ECF 51, Opn. & Ord.). *See also Austin v. Hanover Ins. Co.*, No. 1:10-mc-46, 2010 WL 3338185, at *1 (D. Vt. Aug. 24, 2010).  The District of Massachusetts has a similar order, requiring Austin to seek leave before filing any papers in that district asserting claims or facts relating directly or indirectly to the 1993 house fire. *Austin v. Douglas G. Peterson & Assocs., et al.*, No. 3:12CV30109 (D. Mass. July 3, 2012) (ECF 6-1, Standing Ord.).

> res judicata, the following five elements must be satisfied:  (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); (4) both suits are based upon the same claims or causes of action; and (5) the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

*Rodgers v. Univ. of Missouri Bd. of Curators*, 56 F. Supp. 3d 1037, 1043-44 (E.D. Mo. 2014) (internal quotation marks and citations omitted).

In its argument that res judicata bars this action, Hanover contends that Austin's current claims are based on the same claims upon which the courts in *Austin I* and *Austin II* entered final judgment on the merits.  Because the *Austin I* and *II* courts had proper jurisdiction over the cases, the same parties were involved, and Austin had an opportunity to litigate his claims in those actions, Hanover argues that res judicata applies to Austin's effort to reraise the claims here.  To support its argument, Hanover points to the several other *Austin* cases that have so held.

I do not disagree with Hanover's position.  However, res judicata bars this lawsuit for another reason:  The most recent case filed in this district, which raised the same claims against the same party, and at which Austin had a full and fair opportunity to litigate, was dismissed with prejudice for Austin's vexatious and frivolous conduct in bringing the lawsuit in willful violation of a court order.  *See* No. 4:16CV1491 JAR, ECF 38.  *See also id.* at ECF 39 (Order of Dismissal).

The Eighth Circuit Court of Appeals affirmed Judge Ross's decision in that case and entered judgment thereon. *Id.* at ECF 47, 48.

Unless otherwise stated, an involuntary dismissal for violating court orders operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). This is so even though the substance of the claims raised in the lawsuit were not tried. *Cf. Muza v. Missouri Dep't of Soc. Servs.*, 769 S.W.2d 168, 174-75 (Mo. Ct. App. 1989) (quoting Restatement (Second) of Judgments § 19 (1982)).

> The rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end. These considerations may impose such a requirement even though the substantive issues have not been tried, *especially if the plaintiff . . . has deliberately flouted orders of the court*.

Restatement (Second) of Judgments § 19, cmt. a (1982) (quoted in *Muza*, 769 S.W.2d at 174-75) (emphasis added). "[A] suit that has been dismissed with prejudice cannot be refiled" as the doctrine of res judicata bars against any future filing. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000); *Ciralsky v. CIA*, 355 F.3d 661, 669-70 (D.C. Cir. 2004).

Here, a final judgment was entered after an adjudication on the merits in No. 4:16CV1491 JAR – a case that involved the same parties and the same claims as those here. Judge Ross had jurisdiction over that case and Austin had a full and fair opportunity to litigate the matter that gave rise to the dismissal. Although

Hanover did not raise the preclusive effect of Judge Ross's decision in its res judicata argument here, I may do so *sua sponte*. *Arizona v. California*, 530 U.S. 392, 412 (2000) (doctrine of res judicata is based in part on the policy of avoiding "unnecessary judicial waste"); *Emerald Pointe, LLC v. Taney Cnty. Mo.*, 78 F.4th 428, 432-33 (8th Cir. 2023); *J.Y.C.C. v. Doe Run Res., Corp.*, 370 F. Supp. 3d 1031, 1038 (E.D. Mo. 2019). Because the nature and form of the dismissal and final judgment in No. 4:16CV1491 JAR precludes the bringing of Austin's claims in this action, I will dismiss this action with prejudice under the doctrine of res judicata. Austin's conduct in bringing the instant lawsuit is no less vexatious, frivolous, and willful than that in No. 4:16CV1491 JAR.[4]

Sanctions

I will also grant Hanover's motion for sanctions. Courts have a number of implied powers necessary to manage their own affairs and achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). These inherent powers include the imposition of sanctions for the willful disobedience of a court order or when a losing party has acted in bad faith,

---

[4] Notably, Austin's conduct is not limited to this Court. In 2010, the District of Vermont denied Austin leave to file a new complaint, finding that it was "repetitive, meritless and frivolous, if not malicious and intended to harass." *Austin v. Hanover Ins. Co.*, No. 1:10-mc-46, 2010 WL 3338185, at *1 (D. Vt. Aug. 24, 2010). That proposed complaint – as the complaints filed in this Court and elsewhere – asserted that fraud upon the court took place in *Austin I* and was perpetuated in later proceedings. *See* No. 1:10MC46 (D. Vt. June 10, 2010 (ECF 1. Mot. for Lve.). In denying leave to file, the court noted that that "angle has been argued and rejected." 2010 WL 3338185, at *1.

vexatiously, wantonly, or for oppressive reasons.  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258-59 (1975); *see also Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796 (1987) ("The ability to punish disobedience to judicial orders is regarded as essential to ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on other Branches.").  Sanctions may include outright dismissal of a lawsuit and assessment of attorney's fees.  *See Chambers*, 501 U.S. at 45 ("outright dismissal of a lawsuit . . .  is a particularly severe sanction, yet is within the court's discretion."); *Greiner v. City of Champlin*, 152 F.3d 787, 790 (8th Cir. 1998) ("The court has inherent power to assess attorneys' fees as a sanction for willful disobedience of a court order.")  Inherent powers must be exercised with restraint and discretion, and a primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers*, 501 U.S. at 4

Despite repeated warnings, sanctions, and dismissals with prejudice, Austin has again abused the judicial process by filing yet another action in this Court that is nearly identical to his earlier cases filed here and elsewhere, raising fraud and due process claims relating to the case(s) involving the 1993 house fire.  Austin's conduct in repeatedly bringing these cases has been found to be vexatious, malicious, and in bad faith.   The filing of the instant action is no different, and

Austin has again willfully violated a court order in doing so. Sanctions are therefore warranted.

Accordingly,

**IT IS HEREBY ORDERED** that this action is barred by res judicata, and defendant Hanover Insurance Company's Motion to Dismiss [9] is **GRANTED** to the extent it seeks dismissal on res judicata grounds.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice**. A separate Order of Dismissal is entered herewith.

**IT IS FURTHER ORDERED** that defendant Hanover Insurance Company's Motion for Sanctions [11] is **GRANTED**. Within ten (10) days of the date of this Order, defendant shall file a verified statement of the attorney's fees and costs it has reasonably incurred in responding to this action.

**Plaintiff H. Richard Austin is put on notice that any further complaints filed in this Court asserting claims relating directly or indirectly to the 1993 house fire and/or associated lawsuits and court actions may be summarily dismissed.**

_(signature)_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2024.